UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSH CHITTLE,

        Petitioner,

v.                                          CASE NO. 04-CV-74831-DT
                                         HONORABLE BERNARD A. FRIEDMAN

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND
DISMISSING HABEAS PETITION WITHOUT PREJUDICE**

**I.**      **Introduction**

      Josh Chittle ("Petitioner"), a state prisoner currently confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted of two counts of second-degree murder, two counts of operating a motor vehicle under the influence causing death, two counts of first-degree fleeing a police officer, two counts of operating a motor vehicle while license suspended causing death, operating a motor vehicle under the influence causing serious injury, second-degree fleeing a police officer, and operating a motor vehicle while license suspended causing serious injury following a jury trial in the Genesee County Circuit Court.  He was sentenced to concurrent terms of 37 ½ to 75 years imprisonment, 10 to 15 years imprisonment, six years eight months to 10 years imprisonment, and 40 to 60 months imprisonment on those convictions in 2002.

      In his pleadings, Petitioner raises claims concerning the jury voir dire transcripts, the

sufficiency of the evidence, the jury instructions, and the cumulative effect of alleged prosecutorial misconduct, jury instruction error, and ineffective assistance of counsel. For the reasons stated, the court dismisses the petition for writ of habeas corpus without prejudice for failure to exhaust state court remedies.

## II.     Facts and Procedural History

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising claims concerning the jury voir dire transcript and the sufficiency of the evidence. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Chittle*, No. 244313, 2004 WL 345386 (Mich. Ct. App. Feb. 24, 2004). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, asserting the same claims, which was denied. *People v. Chittle*, 471 Mich. 867, 683 N.W.2d 672 (July 29, 2004).

Petitioner filed his initial petition for writ of habeas corpus on November 30, 2004. In that petition, he raised the jury voir dire transcript and sufficiency of the evidence claims previously presented to the Michigan appellate courts. On March 3, 2005, Petitioner submitted a supplemental brief in support of his habeas petition in which he raised additional, unexhausted claims concerning the jury instructions and the cumulative effect of alleged prosecutorial misconduct, jury instruction error, and ineffective assistance of counsel. Respondent filed the instant motion to dismiss on June 15, 2005. Petitioner has not filed a reply to the motion.

## III.    Analysis

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Exhaustion requires that a prisoner "fairly

present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). A petitioner must present each ground to both appellate courts to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

As stated in *Anderson v. Harless*, 459 U.S. 4, 6 (1982), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." A Michigan prisoner is required to raise each issue she seeks to present in the federal habeas proceeding before the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley*, 902 F.2d at 483. The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. Petitioner admits that he has not raised the claims presented in his supplemental brief in the Michigan courts. Petitioner has thus failed to fully exhaust state court remedies as to those supplemental claims.

Generally, a federal district court should dismiss a "mixed" petition for a writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S.

509, 510, 522 (1982);[1] *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present any unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, _ U.S. _, 125 S. Ct. 1528, 1534-35 (2005). This stay and abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern and the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court. *Id*. at 1525.

In this case, Petitioner has available avenues for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising the unexhausted claims and then pursue those claims in the Michigan appellate courts. Additionally,

---

[1]In *Rose*, the Court also discussed the possible consequences of these choices. The plurality indicated that under 28 U.S.C. §2254 Rule 9(b), "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal [with prejudice] of subsequent federal petitions." *Id.* at 521 [O'Connor, J., with three justices concurring].

the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues state court remedies in a prompt fashion.  The one-year limitations period did not begun to until 90 days after the conclusion of his direct appeals, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about October 29, 2004, and will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending.  *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 220 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003).  The time in which his petition has been pending before this Court may also be equitably tolled.  *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  Further, Petitioner has not established good cause for his failure to raise the unexhausted issues in the state courts before proceeding in federal court.  Lastly, Petitioner's unexhausted claims concern matters of federal law which may warrant further review.[2]  Those claims should therefore be addressed to, and considered by, the state courts in the first instance.

**IV.   Conclusion**

For the reasons stated, the Court concludes that Petitioner has failed to fully exhaust state court remedies as to the claims presented in his supplemental brief in support of his federal habeas petition.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss is **GRANTED** and that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.  Should Petitioner wish to proceed only on the exhausted claims and withdraw the unexhausted claims, he may

---

[2]The Court expresses no opinion on the merits of Petitioner's claims.

move to re-open this case and proceed on the exhausted claims within 30 days of the date of this order.

          ___s/Bernard A. Friedman
          BERNARD A. FRIEDMAN
          UNITED STATES DISTRICT JUDGE

DATED:   July 25, 2005